UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEAL FISCHER and CYNTHIA FISCHER                CIVIL ACTION

v.                                              NO. 06-2498

ENCOMPASS INDEMNITY COMPANY                     SECTION "F"


ORDER AND REASONS

Before the Court is Encompass Indemnity's Rule 72 Objections to Magistrate's March 28, 2007 Order, which denied its motion to compel another inspection of the plaintiffs' hurricane-damaged property. For the reasons that follow, the magistrate judge's ruling is AFFIRMED.

**Background**

Hurricane Katrina damaged the plaintiffs' property at 3901 Tolmas Drive in Metairie, Louisiana. Encompass Indemnity, the issuer of their homeowners insurance policy, paid part of the Fischers' claim. The Fischers sued Encompass Indemnity to recover the full amount of their damages, as well as penalties pursuant to La.R.S. 22:658 and 22:1220.

As part of the ordinary claims adjusting process, Encompass has conducted two inspections of the plaintiffs' property. Encompass says that these inspections were covered by the plaintiffs' insurance policy and "led to payments of over $150,000

1

to the plaintiffs."  Encompass Indemnity adjusters inspected the plaintiffs' property on September 17, 2005 and January 21, 2006.[1] An engineering firm retained by Encompass inspected the property in October 2005.

On March 14, 2007, Encompass requested that it be permitted to inspect the Fishcers' property on March 20, 2007.  Later on that day of the request, the Fischers refused to permit the inspection. After a Rule 37.1 conference, Encompass filed a motion to compel on March 22, 2007.  Magistrate Judge Roby denied the motion. Encompass now asks the Court to reverse the March 28 ruling and permit Encompass to have one or more experts inspect the plaintiffs' property.  (Encompass also seeks an extension of time to submit its expert report based on any inspection the Court may grant).

I.

Standard of Review

A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions.  See Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).  If a party objects to a magistrate judge's ruling on a non-dispositive matter, the Court will disturb a magistrate's ruling only when the ruling is " clearly erroneous

---

[1] The plaintiffs say that an inspection also took place on January 20, 2006; Encompass disputes this, saying that an Encompass adjuster merely reviewed receipts with the plaintiffs and did not conduct an inspection of the residence.

2

or contrary to law." See Fed.R.Civ.P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perles v. Kagy, 394 F. Supp. 2d 68, 70 n.6  (D. D.C. 2005) (agreeing with other district courts' application of clearly erroneous standard to magistrate judge's denial of a motion to intervene).

Magistrate Judge Roby denied Encompass' motion to compel, reasoning that Encompass failed to show why a further inspection would not be cumulative or duplicative of earlier inspections.

II.

Encompass seeks to have engineering or other experts inspect the Fischers' property to refute the plaintiffs' expert reports and to prepare to testify at trial.  It is undisputed that an engineer retained by Encompass has already inspected the property once.  And that Encompass adjusters have inspected the property at least twice.  But Encompass says that its requested inspection is expressly authorized by Rule 34, seeks relevant information, is not unduly burdensome, and avoids undue prejudice.[2]

---

[2] Encompass says its inspection will lead to the discovery of relevant information because the plaintiffs have made no repairs of the property since Hurricane Katrina. (However, the plaintiffs use this fact in support of their contention that the Court should uphold the magistrate judge's ruling because Encompass has inspected the same property on at least two or three prior occasions).  Encompass further contends that the plaintiffs can show no prejudice from permitting the inspection.  It says an inspection would pose no undue burden on the plaintiffs, who live next door.  Encompass says it agrees that it should not be permitted unlimited inspections but maintains that its request is reasonable and seeks relevant information (and to respond to the plaintiffs' experts).

3

Federal Rule of Civil Procedure 34(a)(2) permits

> entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

Federal Rule of Civil Procedure 26(b)(2) provides that discovery

> shall be limited by the court if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative...; [or]
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.

Here, Magistrate Judge Roby determined that Encompass failed to show why another inspection of the Fischers' property would not be cumulative or duplicative of earlier inspections. Now Encompass has failed to show that Magistrate Judge Roby's ruling was clearly erroneous or contrary to law.

Accordingly, the Magistrate Judge's March 28, 2007 Order is AFFIRMED; Encompass's Rule 72 Objections are OVERRULED.[3]

---

The plaintiffs counter that Magistrate Judge Roby's ruling should be affirmed because a fourth inspection of plaintiffs' property by Encompass is unreasonable, cumulative, and oppressive.

[3] Encompass also seeks an extension to submit its expert reports based on any further inspections of the plaintiffs' property granted by the Court. In affirming the magistrate judge's order denying Encompass's motion to compel, Encompass is not entitled to more time to submit expert reports based on any further inspections (unless the plaintiffs agree to another inspection).

New Orleans, Louisiana, April 10, 2007.

```
                          _____
                                MARTIN L. C. FELDMAN
                            UNITED STATES DISTRICT JUDGE
```

---

However, the Court acknowledges that Encompass filed its objections to the magistrate judge's ruling on April 3, and its April 4 deadline to submit expert reports has since expired. Accordingly, Encompass is granted an additional seven days to provide any expert reports (based on prior inspections) to the plaintiffs.